**<u>AMENDED SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>**

This Amended Settlement Agreement and Mutual Release ("Agreement") is made this ____ day of ~~November~~December, 2023 by and between plaintiff Edgar Manuel Antonio Choc Maquin a/k/a Edgar Maquin a/ka Edgar Choc ("Plaintiff" or "Choc") and Tules Verdes Corp. d/b/a Jimbo's Hamburger Palace ("Tules Verdes"), 228 Willis Avenue Food LLC d/b/a Jimbo's Hamburger Place ("228 Willis"), and Misael Vivar ("Vivar") (collectively, "Settling Parties").

**WITNESSETH:**

**WHEREAS**, Plaintiff commenced a lawsuit on or about May 9, 2023 against 228 Willis Avenue Food LLC d/b/a Jimbo's Hamburger Palace ("228 Willis"), Misael Vivar ("Vivar"), and "Corporation #1 d/b/a Jimbo's Hamburger Palace" ("Corp. #1", and together with Settling Parties, "Defendants") in the District Court of the Southern District of New York under the case number 1:23-cv-03886 (the "Lawsuit");

**WHEREAS**, 228 Willis, Vivar, and Corp. #1 appeared in the Lawsuit and deny any allegations of wrongdoing or violation of law;

**WHEREAS**, Defendants specifically deny that Plaintiff was ever employed by or in any contractual privity with 228 Willis, Vivar, or Corp. #1 and assert that Plaintiff's employer was Defendant Tules Verdes;

**WHEREAS**, on December 12, 2023, the Honorable Gary Stein issued an order partially approving but requiring certain modifications to the previously agreed-upon settlement terms reached in the Lawsuit;

**WHEREAS**, Plaintiff and Settling Parties (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them), including, but not limited to, the Lawsuit and Defendants' Claims;

**NOW THEREFORE**, for and in consideration of the mutual covenants herein contained, including the mutual release and non-disparagement provisions, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **<u>Motion to Approve Settlement and Dismiss Lawsuit with Prejudice</u>**. Following the execution of this Agreement, Plaintiff shall promptly file this Agreement in the District Court of the Southern District of New York. After Court approval of this Agreement and after the full receipt of the Settlement Payment, Plaintiff shall file the attached Stipulation of Dismissal with Prejudice in the District Court of the Southern District of New York (see Exhibit "A."), unless the Lawsuit is earlier administratively closed by the Court.

2. **<u>Settlement Payment</u>**. In consideration for Plaintiff's execution of, and compliance with, this Agreement and release of claims and non-disparagement provisions herein, Settling Parties agrees to pay the total gross amount of twenty-two thousand dollars ($22,000.00), to be allocated and distributed as further detailed below (collectively, the "Settlement Payment").

1

    a.  <u>Settlement Payment to Plaintiff:</u> Settling Parties will pay Twenty-Two Thousand Dollars and Zero Cents ($22,000.00) in full to Edgar Choc through his counsel within twenty (20) days of the Settlement Approval Date defined in subsection (b) below.

    b.  <u>The Settlement Approval Date</u>: The above-referenced "Settlement Approval Date" shall occur upon the issuance of an order by the District Court in the Southern District of New York approving this Agreement.

    c.  <u>Notice to Cure</u>: Should Settling Parties fail to timely pay the Settlement Payment, or any check is rejected due to insufficient funds, Plaintiff's counsel shall send a notice to cure to Defendants' counsel via email to jrs@ts-firm.com. Should Settling Parties fail to cure such breach within five (5) business days after such notice is sent, this entire Agreement shall be rendered null and void. The Parties agree that in the event this Agreement is rendered null and void, all applicable statute of limitations and accrual of damages shall be deemed tolled.

    d.  <u>Form of Payment</u>: The Settlement Payment shall be paid in three separate payments made at the same time as follows:

    1) One certified check in the amount of $7,800.00 made payable to Katz Melinger PLLC from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for costs ($700.00) and attorneys' fees ($7,100.00);

    2) One certified check in the amount of $7,100.00 made payable to Edgar Choc, less applicable taxes and withholdings, to be reported on an IRS Form W-2 and shared with Choc as and for alleged unpaid wages; and

    3) One certified check in the amount of $7,100.00 made payable to Edgar Choc, from which no withholdings shall be taken, to be reported on an IRS From 1099 as and for alleged liquidated damages.

All payments shall be delivered by trackable method to: Katz Melinger PLLC, Attn: Nicole Grunfeld, 370 Lexington Ave, Suite 1512, New York, New York 10017

    e.  <u>Settlement Payments Include Liquidated Damages and Attorneys' Fees</u>: The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. Plaintiff shall not be considered or deemed a prevailing party.

    f.  <u>No Other Compensation</u>: Plaintiff acknowledges and agrees that, except as expressly provided in this Paragraph 2, Plaintiff is not entitled to, and will not receive, any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Releasees (as defined below), or any of their owners, managers, employees, affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Releasees to Plaintiffs.

    3.    **<u>No Consideration Absent Execution of this Agreement</u>**. Plaintiff understands that it is disputed whether he would receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

4. **Non-Admission of Wrongdoing**. This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States. Defendants expressly deny the liability and damages alleged in the Lawsuit. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to seek court approval of the Agreement or to enforce its terms.

5. **Release of Claims by Plaintiff.** In return for the payment identified in paragraph 2 above, Plaintiff knowingly and voluntarily releases and forever discharges Tules Verdes and Defendants, as well as Tules Verdes' and Defendants' officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, managers, supervisors, agents, predecessors, successors, professional employer organizations, insurers, and counsel and their agents and employees ("Releasees") of and from any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement. Plaintiff further agrees and covenants that the Lawsuit will be dismissed with prejudice against Defendants based on the settlement described herein, and there has not been filed, nor will there be cause to be filed, any other claims, actions or other proceedings against Defendants, as well as Releasees, at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of wages during or after employment. Plaintiff affirms that, as of the date of this Release, he has been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

6. **Acknowledgments and Stipulation of Dismissal.** Plaintiff affirms that in the Lawsuit he has asserted claims seeking unpaid wages or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a *bona fide* dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Lawsuit with prejudice.

7. **No Tax Advice.** Plaintiff acknowledges and agrees that neither Defendants nor Defendants' counsel, nor Plaintiff's counsel, have made any representations to Plaintiff regarding the tax consequences of any amounts paid pursuant to this Release.

8. **Collective/Class Lawsuit Waiver.** If any claim **released in Paragraph 5 to the Agreement** is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Releasees are a party.

9. **Mutual Non-Disparagement.** Plaintiff agrees that he will not in any way maliciously disparage or defame the good name of Defendants or their businesses, including Tules Verdes, in any

3

forum. Defendants agree that they will not in any way maliciously disparage or defame the good name of the Plaintiff in any forum. Notwithstanding the foregoing, the Parties understand that nothing in this Paragraph prevents Plaintiff from disclosing this Agreement, the underlying facts of his FLSA claims, and/or associated statutory rights. Truthful testimony provided in a legal or administrative proceeding shall not be deemed a violation of this provision. In addition, nothing in this Paragraph shall interfere with Plaintiff's rights pursuant to Section 7 of the NLRA.

10. **Representations and Warranties Regarding Other Potential Claimants or Claims.** Plaintiff represents and warrants that he has not encouraged any other person to consider or bring, or assisted any other person in considering or bringing, claims against Defendants or any other Releasee that are the same as or similar to those asserted in the Lawsuit. As an inducement to Defendants for entering into this Agreement, Plaintiff represents and warrants that he will not affirmatively reach out to any news outlets or news media regarding **the amounts received by him in the Lawsuit or the negotiations leading up to the Agreement**~~this Agreement, the negotiations leading up to this Agreement, or this Lawsuit in general~~. Plaintiff further represents and warrants that he will not post on any social media platforms (including but not limited to Facebook, Instagram, Twitter/X, TikTok, and LinkedIn) regarding **the amounts received by him in the Lawsuit or the negotiations leading up to the Agreement**~~this Agreement, the negotiations leading up to this Agreement, or this Lawsuit in general~~. Lastly, Plaintiff represents and warrants that he will keep the negotiations leading up to this Agreement confidential except for to his immediate family, tax advisors, legal advisors, or as otherwise required by law.

11. **Governing Law and Interpretation.** This Agreement shall be governed by and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. The Parties agree that any disputes relating to this Agreement shall be filed in state or federal court in New York County, New York. Should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, excluding the release language in Paragraph 5, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If Paragraph 5 of this Agreement is found to be invalid or unenforceable, the Parties agree to modify that paragraph and the release in a manner to provide the broadest protection available to the released Party and, if necessary, the other Party agrees to immediately execute a valid and enforceable release in favor of Releasees.

12. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by the affected Parties wherein specific reference is made to this Agreement.

13. **Construction of Agreement and Section Headings**. Each of the Parties and their respective attorneys have reviewed, revised, and negotiated or had the opportunity to negotiate the terms, conditions, and language of this Agreement. The rule of construction that ambiguities are to be resolved against the drafting party shall not be applied in interpreting this Agreement. Section and paragraph titles in this Agreement are used for convenience only and are not intended to and shall not in any way enlarge, define, limit, or extend the rights or obligations of the Parties or affect the interpretation of this Agreement.

14. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind

made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

15. **Counterparts and Electronic Signature.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

16. **Effect of Amendment.** This Amendment modifies the original Agreement only as indicated in paragraphs 8 and 10 above. Except as expressly stated herein, all terms, conditions and provisions of the original Agreement remain in full force and effect.

> Formatted: Indent: Left: 0.5", No bullets or numbering
> Formatted: No underline
> Formatted: Indent: Left: 0", First line: 0.5"

The Parties knowingly and voluntarily sign this Amended Settlement Agreement and Release as of the date(s) set forth below:

**EDGAR MANUEL ANTONIO CHOC MAQUIN a/k/a EDGAR CHOC a/k/a EDGAR MAQUIN**

By: _____

Date: _____

**TULES VERDES CORP. D/B/A JIMBO'S HAMBURGER PALACE**

Print: Regulo Hernandez

Signature: Regulo Hernandez

Title: President

Date: 12-29-2023

**228 WILLIS AVENUE FOOD LLC D/B/A JIMBO'S HAMBURGER PALACE**

Print: Regulo Hernandez

Signature: Regulo Hernandez

Title: President

Date: 12-29-2023

**MISAEL VIVAR**

Print: _____

Signature: _[signature]_
Title: Manager
Date: 1/1/24

made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

15. **Counterparts and Electronic Signature.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

16. **Effect of Amendment.** This Amendment modifies the original Agreement only as indicated in paragraphs 8 and 10 above. Except as expressly stated herein, all terms, conditions, and provisions of the original Agreement remain in full force and effect.

~~15.~~ 17.

The Parties knowingly and voluntarily sign this Amended Settlement Agreement and Release as of the date(s) set forth below:

**EDGAR MANUEL ANTONIO CHOC MAQUIN a/k/a EDGAR CHOC a/k/a EDGAR MAQUIN**

By: _[signature]_

Date: 12/30/2023

**TULES VERDES CORP. D/B/A JIMBO'S HAMBURGER PALACE**

Print: _____

Signature: _____

Title: _____

Date: _____

**228 WILLIS AVENUE FOOD LLC D/B/A JIMBO'S HAMBURGER PALACE**

Print: _____

Signature: _____

Title: _____

Date: _____

**EXHIBIT A**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDGAR CHOC, individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

CORPORATION #1 D/B/A JIMBO'S HAMBURGER PALACE; 228 WILLIS AVENUE FOOD LLC D/B/A JIMBO'S HAMBURGER PALACE; AND MISAEL VIVAR

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 1:23-cv-03886

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED** by, between and among Plaintiff Edgar Choc ("Plaintiff") and Defendants Corporation #1 d/b/a Jimbo's Hamburger Palace, 228 Willis Avenue Food LLC d/b/a Jimbo's Hamburger Palace, and Misael Vivar (altogether "Defendants"), by and through their undersigned counsel, that the Complaint and all claims that have been asserted and/or could have been asserted against Defendants and their related entities, including but not limited to Tules Verdes Corp. d/b/a Jimbo's Hamburger Palace, are hereby released and **DISMISSED WITH PREJUDICE** and without costs, expenses or attorneys' fees being awarded to any party and without right of appeal.

**KATZ MELINGER PLLC**
370 Lexington Ave, Suite 1512
New York, New York 10016
*Attorneys for Plaintiff*

By: _____
    Nicole Grunfeld, Esq.
Dated:

**THOMPSON & SKRABANEK, PLLC**
42 W. 38th Street, Suite 1002
New York, New York 10018
*Attorneys for Defendants*

By: _____
    J.R. Skrabanek, Esq.
Dated:

**SO ORDERED:** _____      _____
                       United States District Judge           Date