```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDGAR CHOC, individually and on behalf    :
of all others similarly situated,         :
                                          :
                                          :         23 Civ. 3886 (GS)
                     Plaintiff,           :
                                          :              ORDER
          - against -                     :
                                          :
CORPORATION #1 d/b/a JIMBO'S              :
HAMBURGER PALACE; 228 WILLIS              :
AVENUE FOOD LLC; and MISAEL               :
VIVAR,                                    :
                                          :
                     Defendants.          :
---------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

On December 12, 2023, the Court issued an Opinion & Order (Dkt. No. 28 (the "Order")) concerning the parties' joint request for approval of their Settlement Agreement and Mutual Release (the "Agreement") pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Order generally found the proposed Agreement to be fair and reasonable, but noted deficiencies in two specific provisions—Paragraphs 8 and 10—and declined to approve the settlement unless modifications were made to those provisions. (Order at 10, 14-15).

On January 3, 2024, the parties filed a joint letter attaching an Amended Settlement Agreement and Mutual Release (the "Amended Agreement") and seeking approval of the Amended Agreement. (Dkt. No. 29). The Amended Agreement contains revisions to both Paragraph 8 and Paragraph 10. (Dkt. No.

1

29-1). The Court has reviewed the Amended Agreement and finds that the revisions to Paragraph 10, the non-publicity clause, address the concerns raised in the Order and that Paragraph 10, as amended, is fair and reasonable.

Unfortunately, the Court cannot reach the same conclusion as to the amended Paragraph 8, which contains a waiver of Plaintiff's right to participate in certain class, collective or multi-party actions. The problem with the original Paragraph 8, as described in the Order, was that, on its face, it waived Plaintiff's right to participate in a class, collective, or multi-party action involving *any* claim not released in the Agreement, even claims wholly unrelated to the wage-and-hour and related claims released in Paragraph 5. (Order at 9-10). The Court had no issue with a clause limited to waiving Plaintiff's right to participate in a class, collective, or multi-party action involving the same type of claim released in Paragraph 5, and assumed the parties would modify Paragraph 8 to so provide.

That, however, is not what the parties have done. Instead, they have amended Paragraph 8 to read as follows:

> **Collective/Class Lawsuit Waiver**. If any claim released in Paragraph 5 to the Agreement is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Releasees are a party.

The Court does not understand the purpose or effect of the initial clause of the amended provision, "If any claim released in Paragraph 5 to the Agreement is not subject to release." If a claim released in Paragraph 5 is "not subject to release,"

2

that presumably would be because the release is invalid or unenforceable for some reason. But if that were the case, and Plaintiff were free to assert such a claim directly, there is no apparent reason why he should be required as part of the settlement to waive his right to participate in a class, collective, or multi-party action involving such a claim.

To facilitate the prompt resolution of this matter, the undersigned proposes the following revision of Paragraph 8 which would assuage the Court's concerns:

> **Collective/Class Lawsuit Waiver**. To the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Releasees are a party and which purports to assert a claim on Plaintiff's behalf that is subject to the release set forth in Paragraph 5 of this Agreement.

If the parties approve of this suggested revision of Paragraph 8, they shall file a modified Amended Agreement with the Court containing this language by January 16, 2024. If not, the parties shall file a letter by that same date explaining how they wish to proceed.

**SO ORDERED.**

DATED:   New York, New York
         January 8, 2024

_____
GARY STEIN
United States Magistrate Judge